# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2026

Lyle W. Cayce
Clerk

No. 24-30758

One Lakeside Plaza, L.L.C.,

*Plaintiff—Appellee*,

*versus*

Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; Safety Specialty Insurance Company; Old Republic Union Insurance Company,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-4050

ON PETITION FOR REHEARING EN BANC

Before Haynes, Ho, and Oldham, *Circuit Judges*.

Per Curiam:

Treating the petition for rehearing en banc as a petition for panel rehearing (5th Cir. R.40 I.O.P.), the petition for panel rehearing is DENIED. Because no member of the panel or judge in regular active

No. 24-30758

service requested that the court be polled on rehearing en banc (FED. R. APP. P.40 and 5TH CIR. R.40), the petition for rehearing en banc is DENIED.

No. 24-30758

Jᴀᴍᴇs C. Hᴏ, *Circuit Judge*, concurring in the denial of rehearing en banc:

The court is right to deny rehearing en banc and thus leave intact our unpublished panel decision in *One Lakeside Plaza, L.L.C. v. Indian Harbor Insurance Co.*, 2026 WL 50022 (5th Cir.).

After all, as counsel acknowledges, our panel decision in *One Lakeside* faithfully applied our controlling precedent in *Town of Vinton v. Indian Harbor Insurance Co.*, 161 F.4th 282 (5th Cir. 2025). In *Town of Vinton*, we rejected the same arguments, made by the same group of insurance defendants and counsel, as in *One Lakeside*.

And as counsel further acknowledges, we denied their rehearing en banc petition in *Town of Vinton* last month, without a single dissenting vote.

So why file another petition for rehearing en banc in *One Lakeside*?

Counsel claims that it was necessary "to exhaust their remedies," citing 5th Cir. I.O.P. 35.1.

But that's plainly wrong. The provision cited by counsel (recently renumbered 5th Cir. I.O.P. 40.1) says precisely the opposite of what counsel claims. As that provision has long made clear, it is "not necessary" to seek rehearing "as a prerequisite" to seeking cert. To the contrary, rehearing en banc is an "extraordinary procedure"—indeed, it's "the most abused prerogative of appellate advocates in the Fifth Circuit."

So it's hard to understand counsel's claim that they needed to file a rehearing en banc petition to "exhaust their remedies."

3

No. 24-30758

\* \* \*

## APPENDIX

## PETITION FOR REHEARING

... NECESSITY FOR FILING - IT IS NOT NECESSARY TO FILE A PETITION FOR REHEARING IN THE COURT OF APPEALS AS A PREREQUISITE TO FILING A PETITION FOR CERTIORARI IN THE SUPREME COURT OF THE UNITED STATES. . . .

## PETITION FOR REHEARING EN BANC

EXTRAORDINARY NATURE OF PETITIONS FOR REHEARING EN BANC - A PETITION FOR REHEARING EN BANC IS AN EXTRAORDINARY PROCEDURE . . . .

THE MOST ABUSED PREROGATIVE - PETITIONS FOR REHEARING EN BANC ARE THE MOST ABUSED PREROGATIVE OF APPELLATE ADVOCATES IN THE FIFTH CIRCUIT. FEWER THAN 1% OF THE CASES DECIDED BY THE COURT ON THE MERITS ARE REHEARD EN BANC; AND FREQUENTLY THOSE REHEARINGS GRANTED RESULT FROM A REQUEST FOR EN BANC RECONSIDERATION BY A JUDGE OF THE COURT RATHER THAN A PETITION BY THE PARTIES.